FILED
SUPERIOR COURT
OF GUAM

2021 OCT -8 AM 9: 06

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

THE PEONE OF GUAM,

        v.

JN ANTONIO,
aka Jay Abraham
DOB: 10/24/1989 or 10/29/1989 or 10/11/1989

        Defendant.

Criminal Case No. CM0262-21

**DECISION & ORDER**
(Defendant's Motion to Release)

This matter came before the Honorable Jonathan R. Quan on August 12, 2021 for a Motion Hearing for JN ANTONIO's ("Defendant's") Motion for Release in the above-captioned matter. Assistant 'Attorney General Katherine M. Nepton appeared on behalf of the People of Guam. Assistant Public Defender Theresa G. Rojas represented Defendant. At the hearing, the Court determined that release on Defendant's own recognizance was not proper and ordered that Defendant remain confined pending the posting of ONE THOUSAND ($1,000) DOLLARS cash bail. The Court **DENIES** Defendant's Motion for Release.

Under Guam law, there is a presumption that a defendant charged with an offense will be released pending trial. 8 GCA § 40.10. In all instances, the "[Court] shall order the person charged to be released on recognizance, unless the [Court] determines, in [its] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b). In determining whether there is a substantial risk of nonappearance or if a defendant will endanger the safety of individuals in the community, the Court "shall consider the following factors:

    (1) the nature of the offense charged, the apparent possibility of conviction
        and the likely sentence;
    (2) the history and characteristics of the person charged . . .

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; [and]

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would impose to the community or to any individual member thereof if released."

8 GCA § 40.15(c). If release on personal recognizance will not reasonably assure Defendant's appearance as required, or will endanger the safety of any individuals in the community, the Court shall impose the least onerous conditions of release. 8 GCA § 40.20.

After reviewing all available information, the Court finds that Pre-trial Confinement is the least onerous condition imposable for the following reasons.

## THE DEFENDANT IS A FLIGHT RISK

Unemployment. Defendant appears to be unemployed. The Court considers this an indication that Defendant is a flight risk.

No Significant Assets or Liabilities. Defendant appears to have no significant financial assets or liabilities. The Court considers this an indication that Defendant is a flight risk.

## THE DEFENDANT MAY NOT COMPLY WITH COURT ORDERS

Prior Convictions. Defendant has six (6) prior convictions in the state of Missouri. Defendant was convicted of Domestic Assault as a Misdemeanor (Nov. 29, 2017), Domestic Assault as a Misdemeanor (Sept. 7, 2016), Stealing (Jan. 4, 2019), Unlawful Possession of Drug Paraphernalia as a Misdemeanor (Apr. 19, 2019), Burglary as a Second Degree Felony (Sept. 26, 2019), and Receiving Stolen Property (Sept. 20, 2019). Given the number of convictions and their close temporal proximity to each other and the current matter, the Court is concerned Defendant is unlikely to comply with the Court's pretrial release orders.

Warrant of Arrest. At the time of his Magistrate's Hearing, Defendant had an active warrant of arrest. The warrant was issued by the Honorable Alberto C. Lamorena III on August 20, 2008, because Defendant failed to make a required court appearance in CM0087-08. The

Court is therefore concerned that Defendant may similarly fail to make required court appearances in the instant case.

ORAS Score. Defendant's ORAS (Ohio Risk Assessment System) score is MODERATE. Thus, according to Guam's Pre-trial Release risk forecasting system, Defendant poses a medium risk of failing to re-appear in court while on Pre-trial Release.

## CONCLUSION

For the reasons stated above, the Court hereby **ORDERS** that the Defendant remained confined to the Department of Corrections during the pendency of trial in this matter and that Defendant's Motion to Release be **DENIED.**

**IT IS SO ORDERED** on this 6th day of October 2021 *nunc pro tunc* to August 12, 2021.

HONORABLE JONATHAN R. QUAN
Magistrate Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDSC

Date: 10 8 21    Time: 9:12am

Antonia Q Cas

Deputy Clerk, Superior Court of Guam